REQUESTED BY: Senator Larry D. Stoney Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Stoney:
You have asked for our opinion in connection with Section 7 of LB 17. You ask whether or not it would be proper for the Legislature to override a previous vote of the people in this matter? Would such a statutory change create a constitutional conflict? We must decline to answer the first question you ask. It is obvious that the first question calls for a resolution of certain policy questions that are appropriately made by the Legislature but are not questions of a legal nature nor questions whose resolution is appropriately referred to our office. In regard to your second question, we have concluded that such a change would not violate any constitutional provision.
Section 7 of LB 17 would adopt a new provision under the Local Option Tax Control Act which would automatically end any limitation placed on budgets pursuant to the Local Option Tax Control Act at the end of two or more fiscal years. We have examined the Constitution of this state in an effort to find any provision which might be violated by this proposed legislation. We can find none. The Local Option Tax Control Act is a statute enacted by the Legislature which establishes certain rights and certain procedures in relationship to the budgets of the local political subdivisions. This amendment simply indicates that once a budget limitation has been imposed pursuant to this Act different than the normal budget limitation applying to local political subdivisions, it shall be operative for two fiscal years. Thereafter if the voters of that district wish to continue a budget limitation of either greater than that normally authorized by statute or that less than normally authorized by statute, they may readopt such a budget limitation either through the petition drive method or through placing the proposition on the ballot by the action of the governing board of that political subdivision. We can find no provision of the Constitution which would be violated by the Legislature amending a statute to more expansively treat this subject.
As an additional matter we would point out that there is no particular interest inuring in the citizens of a particular political subdivision in maintaining the level of expenditures of that subdivision at any specific dollar amount. Obviously, changing economic circumstances may require greater or less expenditure of public monies to accomplish the purpose of the particular political subdivision. Representative government presumes that those persons elected to govern the political subdivision are charged with making those economic decisions. They are not generally ballot box decisions on an annual basis. That of course is not to say that the voters of political subdivisions have no say with respect to the budget to be adopted by any particular subdivision. Clearly the Legislature has specified those rights under the Local Option Tax Control Act and as provided for in the Constitution under the initiative and referendum provisions except as those items are limited with respect to the ability of the governmental subdivision to fund its requisite operations.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General